HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLA TOLLIVER, individually and as Personal Representative of the ESTATE OF RONALD L. SCROGGINS; and LARRY SCROGGINS,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, AND DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | Case No. 3:10-CV–05056 RBL<br><br>ORDER ON PLAINTIFFS' JOINT MOTION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION [Dkt. #21] |
| ROBERT AND JONI FRANCIS, as Personal Representatives of the ESTATE OF VANNA K. FRANCIS; and ROBERT AND JONI FRANCIS, husband and wife, the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR; and BUREAU OF INDIAN AFFAIRS,<br>Defendants. | |

ORDER
Page - 1

THIS MATTER is before the Court on Plaintiffs' Joint Motion for the Court to Exercise Supplemental Jurisdiction [Dkt. #21]. Plaintiffs ask that this Court exercise jurisdiction over their claims against Clallam County, Sela Kalama, and Sandra Wells, which are currently pending in the Superior Courts of Clallam County and Kitsap County. Clallam County, Kalama, and Wells were provided copies of Plaintiffs' motion, but have not appeared to enter an opposition.

## I.   BACKGROUND

Plaintiffs are pursuing multiple wrongful death actions arising out of a single car accident that occurred in March 2007. Each set of Plaintiffs filed a separate action against the United States of America, Department of Interior, and Bureau of Indian Affairs pursuant to the Federal Tort Claims Act. Those actions were subsequently consolidated in this Court, which has jurisdiction over those claims under 28 U.S.C. § 1346 and 28 U.S.C. § 1402(b). The Tolliver/Scroggins Plaintiffs had earlier filed an action against Clallam County, Kalama, and Wells in Clallam County Superior Court; the Francis Plaintiffs filed a similar action in Kitsap County Superior Court.

Vanna K. Francis and Ronald L. Scroggins both died after Miss Kalama drove a car off the end of Lower Elwha Road and into the Elwha River. Plaintiffs seek to hold Miss Kalama liable due to her alleged negligent operation of the vehicle, and her mother, Miss Wells, liable for her control of the vehicle and her entrustment of it to Miss Kalama. Plaintiffs seek to hold Clallam County, the United States, the Department of Interior, and the Bureau of Indian Affairs liable for alleged failures to maintain Lower Elwha Road and the barriers at its end in a safe condition. Each of the defendants in the state court cases and in this case alleged among their affirmative defenses that the negligence of another one of the parties being sued by Plaintiffs was responsible for Plaintiffs' injuries.

## II.   DISCUSSION

Plaintiffs now seek to consolidate all of their claims into the single action pending in this Court. To that end, they ask that this Court (1) exercise supplemental jurisdiction over the claims currently pending in

the Superior Courts of Clallam County and Kitsap County, (2) add Clallam County, Sela Kalama, and Sandra Wells as defendants in this matter, (3) relate the claims against Clallam County, Sela Kalama and Sandra Wells back to the date of the original pleadings filed in the Superior Court cases, and (4) accept the pleadings from the Superior Court cases into the federal docket.

This, Plaintiffs argue, will serve the purpose of judicial economy by allowing the claims arising from a single incident to be dealt with in a single case. Further, it will prevent inconsistent verdicts. The Court does not disagree with the claimed efficiencies. However, while the goal of Plaintiffs' motion is sensible, the mechanism by which they propose to accomplish it is unorthodox. It is not the standard practice of federal district courts to "exercise jurisdiction" by reaching out and taking cases out of state courts, particularly cases that are not removable by themselves. Plaintiffs have cited no authority supporting such a maneuver, and the Court is more than a little reluctant to blaze a new trail without any authority to back it up.

Furthermore, the Court notes that Plaintiffs' claims against Miss Kalama, Miss Wells, and Clallam County do arise from the same incident as their claims against the Defendants under the Federal Tort Claims Act. The latter set of claims provides this Court with original jurisdiction; thus, supplemental jurisdiction over the former is likely available under 28 U.S.C. § 1367. By the same token, joinder of Miss Kalama, Miss Wells, and Clallam County would be permissible under Fed. R. Civ. P. 20(a)(2). The only remaining issue is the statute of limitations defense that Plaintiffs suggest may be asserted by Miss Kalama, Miss Wells, and/or Clallam County if the Plaintiffs amend their complaint to join them. If, as Plaintiffs have suggested to the Court, those defendants do not object to having their cases tried here, they can waive that defense. If they choose to assert it, the amendment adding them may nonetheless relate back under Washington law and/or equitable tolling doctrine. Finally, the Court notes that the Plaintiffs are not required to dismiss their state court actions before pursuing this amendment. Regardless, amending the complaint to join these parties is the proper way for Plaintiffs to pursue their inclusion in this case, not a request for the Court to undertake an unprecedented assertion of jurisdiction over cases currently pending in state courts.

Plaintiffs' Joint Motion for the Court to Exercise Supplemental Jurisdiction [Dkt. #21] is accordingly DENIED.

Dated this 29th day of July, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE