HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARLA TOLLIVER, individually and as Personal Representative of the ESTATE OF RONALD L. SCROGGINS; and LARRY SCROGGINS,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, AND DEPARTMENT OF THE INTERIOR,

Defendants.

CASE NO. 3:10-CV-05056 RBL

ORDER

ROBERT AND JONI FRANCIS, as Personal Representatives of the ESTATE OF VANNA K. FRANCIS; and ROBERT AND JONI FRANCIS, husband and wife, the marital community thereof,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA; DEPARTMENT OF INTERIOR; and BUREAU OF INDIAN AFFAIRS,

Defendants.

ORDER - 1

This matter comes before the Court on Plaintiffs' motion for leave to file an amended complaint (Dkt. 27) and Defendant United States of America's motion to dismiss, or in the alternative, for summary judgment (Dkt. 29). The government opposes the motion to amend because the amendment is futile for the same reasons advanced in support of the motion to dismiss or for summary judgment: the government did not own or maintain the subject road and therefore has no duty to protect members of the travelling public who use the road. The Court has reviewed the materials filed for and against said motions and oral argument is not necessary to resolve these motions. For the reasons given below, the motion to amend complaint is GRANTED and the motion to dismiss or for summary judgment is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

Shortly before 3:00 a.m. on March 18, 2007, Sela Kalama drove a sedan carrying six other teenagers, including decedents Scoggins and Francis, from a party at a house near the Lower Elwha Reservation Tribal Center to their stated destination of "the river." Multiple observers at the party reported that Kalama had been drinking beer for several hours. Kalama herself had texted a friend approximately 90 minutes before the accident that she was "drunk" and admitted to a Clallam County Sheriff that she drank 12-16 beers and knew she was impaired when she left the party.

As Kalama drove from the party on the Lower Elwha Road and towards the Lower Elwha River, she was text-messaging on her cell phone. Right before the accident, Kalama's front-seated passenger told her to hang up her phone and slow down. However, given her condition, speed and trajectory, she could not stop in time before crashing the car into the river. She and four of the six passengers survived; however, Ronnie Scoggins and Vanna Francis drowned in the accident. On December 11, 2007, Kalama pleaded guilty to two counts of Involuntary Manslaughter and was

sentenced to 26 months of incarceration and three years of supervised release following her prison term.

## PROCEDURAL HISTORY

Plaintiff Marla Tolliver, individually and as personal representative of the Estate of Ronald L. Scroggins filed an action against the United States of America, Department of Interior, and Bureau of Indian Affairs in federal court pursuant to the Federal Tort Claims Act (FTCA). (Dkt. 1).

Shortly thereafter, the Francis Plaintiffs filed their action against the United States, Department of Interior, Bureau of Indian Affairs; Lower Elwha Klallam Indian Tribe; Lower Elwha Klallam Indian Tribal Law Enforcement Department; Community Development Department and Maintenance Department.  These two actions were consolidated by court order dated April 21, 2010.

In addition to the federal court action, the Tolliver/Scroggins Plaintiffs also filed suit against Clallam County and Sela Kalama in Clallam County Superior Court.  The Francis Plaintiffs filed suit in Kitsap County Superior Court against Clallam County, Sela Kalama and Sandra Wells.  The Plaintiffs sought an order from this Court to exercise supplemental jurisdiction over the state court claims (Dkt. 21).  The Court denied that motion on July 29, 2010 (Dkt. 23).

The current motion to amend was brought by Plaintiffs in response to the Court's July order. Plaintiffs seek to add Clallam County, Sela Kalama and Sandra Wells as additional defendants and to specify claims against U.S. defendants in the Tolliver/Scroggins complaint.

## LEGAL STANDARDS

1) Motion to Amend

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires.  The Supreme Court has told us that this mandate is to be heeded:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay,

> bad faith or dilatory motive on the part of the movant, . . . the leave sought should, as the rules required, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). The Supreme Court went on to hold that outright refusal to grant the leave to amend without any justifying reason appearing for the denial is not an exercise of discretion but merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* Here, leave should be freely given to allow Plaintiffs to file their amended complaints because there is no undue delay, bad faith or dilatory motive on the part of the Plaintiffs.

2) Joinder of Parties

Fed. R. Civ. P. 20(a)(2) also allows for permissive joinder of parties and provides in pertinent part:

> (a)(2) Defendants. Persons – as well as a vessel, cargo or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or a series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> (a)(3) Extent of Relief. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all of the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

The claims against Clallam County, Sela Kalama and Sandra Wells arise out of the same incident that is common to *all* defendants in this matter. The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The underlying facts and circumstances alleged in Plaintiffs' original complaints remain substantially the same as those asserted in Plaintiffs' Amended Complaints.

3) Motion to Dismiss

For purposes of deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, the allegations of the complaint are normally taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Hughes v. Rowe,* 449 U.S. 5, 10 (1980); *Walleri v. Fed. Home Loan Bank,* 83 F.3d 1575, 1580 (9th Cir. 1996). The motion will be granted if it appears that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Hughes,* 449 U.S. at 10.

Under Fed. R. Civ. P. 12(b)(1), subject matter jurisdiction may be challenged at any time by the parties, by the Court *sua sponte*, or on appeal. *United States v. Cotton*, 535 U.S. 625, 630 (2002) (the court's power to hear a case can never be forfeited or waived). A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Kikkonen v. Guardian Life Ins. Co. Of America*, 51 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989). Once jurisdiction is challenged, the plaintiff bears the burden of establishing jurisdiction. *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Thornhill Publishing Co., Inc. v. Gen'l Tel. & Elec. Corp.,* 594 F2d 730, 733 (9th Cir 1979). Furthermore, a plaintiff must establish jurisdiction by a preponderance of evidence and cannot rely merely upon allegations in the complaint, but must instead bring forth relevant competent proof to establish jurisdiction. *McNutt*, 298 U.S. at 189; *Sanchez v. Monumental Life Ins. Co.*. 102 F.3d 398, 403-404 (9th Cir. 1996).

Specifically, claims must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the claims: (1) do not arise under the federal Constitution, law or treaties, or fall within one of the other enumerated categories of Article III,

Section 2 of the Constitution; (2) do not constitute a "case or controversy" within the meaning of that section; or (3) are not claims described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986).

When considering a motion to dismiss for lack of jurisdiction, the Court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied,* 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9 Cir. 1983). Indeed, the Court may receive competent evidence such as declarations to determine jurisdiction, and under Rule 12(b)(1), the receipt of such evidence does not convert a motion to dismiss into one for summary judgment. *Kamen v. American Tele. & Telegraph Co.,* 791 F.2d 1006, 1010 (2d Cir. 1986).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted if, after reviewing the complaint in the light most favorable to the plaintiff, it appears that he or she can prove no set of facts in support of the claims that would entitle him or her to relief. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 783 (9th Cir. 1996); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). Furthermore, courts need not accept the truth of the inferences or conclusions that are unsupported by allegations of specific facts. *Custer v. Sweeney,* 89 F.3d 1156, 1162 (4th Cir 1996).

      a.  Sovereign immunity under the FTCA.

The United States of America can be sued only to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813-14 (1976); *see also Valdez v. United States*, 56 F.3d 1177, 1179 (9 Cir. 1995). The FTCA's limited waiver of sovereign immunity renders the United States vicariously liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment, but expressly restricts liability to "the law of

the place where the act or omission occurred." 28 U.S.C. §§ 2674, 1346(b). If no cause of action exists against private parties at common law, sovereign immunity has not been waived and the case must be dismissed for lack of subject matter jurisdiction. *See United States v. Olson*, 546 U.S. 43, 46-47 (2005) (allegations of negligence by a private person must be analogous before duty may be imputed to government).

Under Washington State law, a plaintiff alleging negligence must prove (1) the existence of a duty owed; (2) breach of duty; (3) causation; and (4) injury and/or damages. *Keller v. City of Spokane*, 146 Wn.2d 237, 243 (2002); *Tincani v. Inland Empire Zoological Soc'y,* 124 Wn.2d 121 (1994). "Duty" is defined as "an obligation, to which the law will give recognition and effect to conform to a particular standard of conduct toward another." *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 413 (1985) (citing *Prosser on Torts*, sec 53, at p. 311 (3d ed. 1964)). The existence of a duty owed to a plaintiff is a question of law. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275 (1999). An action for negligence does not lie unless defendant owes a duty of care to the plaintiff. *McCluskey v. Handorff-Sherman*, 125 Wn.2d 1, 6 (1994).

The ownership of roadways in Washington State and the duties that stem therefrom are generally established through the possession and control of property. *See Gildon Simon Property Group, Inc.,* 158 Wn.2d 483, 496 (2006) (citing Restatement (Second) of Torts, § 328E (1965)). Once ownership is established, a landowner, in this case, a governmental entity, has a legal duty "to build and maintain its roadways in a condition that is reasonably safe for ordinary travel." *Keller*, 146 Wn.2d at 249.

**DISCUSSION**

I. Issues of Fact Regarding Duty of the Federal Government to Protect Travelers on the Lower Elwha Road Prevent Dismissal of Plaintiffs' Claims against the US Defendants

    A. Ownership and Maintenance of the Lower Elwha Road

In support of its motion, the United States presents compelling evidence that the road has never been owned by the federal government. Property for the road was conveyed by private landowners to Clallam County in 1914 "for the use of the public forever as a public road and highway". Another parcel was conveyed in 1916 from a private landowner to Clallam County allowing for an extension of the Lower Elwha Road. The road was thereafter extended all the way to the river.

County records show that Clallam County has expended funds to maintain and improve the road over the years. From the records presented by the government, it would appear that Clallam County is the sole owner of the road known as Lower Elwha Road.

Plaintiffs respond with e-mails that relate to a story that sometime between 2001 and 2003 members of the Lower Elwha Klallam Indian Tribe demanded the county remove the safety berm that had been build at the end of Lower Elwha Road and immediately before the bank of the Elwha River. The reason for the removal was to allow for tribal access to the property for use as a boat ramp. The removal of that berm and the failure to put warning signs and barricades before the road intersected the river is the factual basis of the suit.

The e-mails presented in response to the motion to dismiss reflect hearsay testimony proffered by individuals without direct knowledge of the facts. Although they tell a tale of tribal control over signage and safety barricades on at least a portion of Lower Elwha Road, the testimony is not admissible to establish some form of control over safety measures on the road. Moreover, the parties have not adequately addressed the connection between federal government trustee status over Indian lands and federal government liability for Indian officials' actions under FTCA.

The motion to dismiss is DENIED WITHOUT PREJUDICE. The Plaintiffs should have the opportunity to develop additional facts concerning the tribe's control over signage and other safety

measures on the Lower Elwha Road and to fashion a cogent argument, complete with case citations to support their position that actions of tribal officials are like the actions of federal employees whose actions can give rise to governmental liability under the FTCA.

II.     The Motion to Amend

Because the Court cannot at present say that the motion to amend complaint is futile, it should be granted. If at such time as the facts concerning control of the Lower Elwha Road are better developed or case law demonstrates that tribal actions are not binding on the federal government for tort liability purposes, the amended claims against the federal government can be reduced or eliminated as deemed appropriate.

## CONCLUSION

For the foregoing reasons, the motion to amend complaint (Dkt. 27) is GRANTED and the motion to dismiss or, in the alternative, for summary judgment (Dkt. 29) is DENIED WITHOUT PREJUDICE.

DATED this 2nd day of FEBRUARY 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE